Price, J.,
dissenting. I am satisfied with' the reversal of the case on the first ground stated in the syllabus and in the opinion, but the second ground, in my opinion, should not be declared to be the law in Ohio.
The plaintiff in the court of common pleas sued to recover damages resulting from an assault made on him by the servants of the defendant company, and it is alleged that the plaintiff was violently seized and tightly grasped by the servant, and forcibly pushed along the aisle of the car, and ejected therefrom, whereby the plaintiff not only suffered mental and physical pain, but was humiliated by the acts and violence of the servant.
The defendant pleaded facts — disorderly conduct, etc. — in justification of the acts of its servants in eiecting the plaintiff. The issues made a case in which it was entirely proper and necessary that the court instruct the jury as to the rule of compensatory and that of exemplary damages, for there was evidence introduced which tended to support plaintiff’s charge. As I understand the majority opinion and the second branch of the syllabus, the right of the jury to allow counsel fees as an element of comnensatory damages, is contingent upon a finding by the jury that a case was made out for exemplary damages; and if a case for exemplary damages is not made out, counsel fees cannot be considered in awarding compensatory damages. This contingency seems unwarranted by the well settled law of this state. Compensatory damages in such actions sounding in tort — assault and battery, and similar acts of personal violence — are to be awarded as *215 compensation for the wrong inflicted, and the compensation should be adequate in so far as the law will afford it.
As often said in the books and decisions, exemplary damages or punitive damages are awarded to make an example of the offending party so that others may be deterred from committing similar wrongs; or, if not as a deterrent, then as punishment of the wrongdoer.- These are not awarded as compensation to the injured party, but for the purpose already stated, and why, after the jury has concluded that there should be exemplary damages awarded,' shall it then go back and again take up the subject of compensatory damages and add the fees of counsel? The trial court could not anticipate what the verdict would be — whether it would include exemplary damages or not, and it attempted, and I think correctly; to lay down the measure as to each kind of damage.
There ought not to be any misunderstanding of what this court has decided upon this question. Commencing with Stevens v. Handly, Wright, 121, and Sexton v. Todd, Wright, 316, we find the rule of damages stated. In Stevens v. Handly, supra, which was a slander case, the court lays down the rule on page. 122, as follows: “But if the words were uttered under circumstances merely mitigating, without justification or excuse, the damages should be compensatory; that they should be sufficient to cover all the expenses and costs of the plaintiffs in litigating the matter, including their loss of time — such as will make them whole. Where the words are spoken without justification, excuse ¡or other mitigating circumstances, the damages *216 should be exemplary, to express the estimation in which the jury hold a good character in society, and their reprehension of the habit of wantonly attacking it.” We have .in that case an instance where, there were circumstances in mitigation, and not of wantonness, and yet a right of the injured party to compensatory damages, including all expenses, distinctly recognized.
Sexton v. Todd, supra, is on the same line. These two cases were reviewed and approved in Roberts v. Mason, 10 Ohio St., 277. Some language in the opinion of the court might be clearer and less confusing, but the syllabus, which is the law of the case, seems entirely plain. It is: “(1) In an action to recover damages for a tort (not merely a slander or libel) which involves the ingredients of fraud, malice or insult, a jury may go beyond the rule of mere compensation to the party aggrieved, and award exemplary or punitive damages; and this they mav do although the defendant may have been punished criminally for the same wrong. (2) In such a case the jury mav, in their estimate of compensatory damages, take into consideration and include reasonable fees of counsel employed by the plaintiff in the prosecution of the action.”
The counsel fees are classed with compensatory damages and they form no part of the exemplary damages, and are not to be awarded as part of the same. . In Finney- v. Smith, 31 Ohio St., 529, and cited in the majority opinion in this case, this court reviews the cases in Wright’s Report already cited and Roberts v. Mason, and points out the difference between the syllabus and some language of the judge writing the opinion in Roberts v. Mason, *217 supra, which was a ft assault and battery case. The syllabus in Finney v. Smith, supra, is: “In an action for libel, the jury may, in estimating compensatory damages, allow to the plaintiff reasonable counsel fees in the prosecution of his action, although there may be circumstances of mitigation, not amounting to a justification.” The questions presented to the court in that case called for just such a clear statement of the law, and while Boynton, J., was not willing to place his concurrence on that proposition, he does not controvert it, nor endeavor to show its weakness.
We have not space to quote from the case at greater length. The opinion refers to and approves other authorities which support the doctrine.
Therefore the trial court did not err in that part of the charge relating to compensatory damages. This, like Roberts v. Mason, was an assault and battery case, leading to ejectment from a car. It is a case sounding in tort, in which both compensatory and exemplary damages might be awarded, and it seems to me the trial judge correctly stated the law to the jury on that subject.
Spear, J., concurs in the dissenting opinion.